

FILED
Aug 08 2013, 5:25 am

CLERK
of the supreme court,
court of appeals and
tax court

# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**DONALD J. TRIBBETT**
Tribbett Law Office
Logansport, Indiana

ATTORNEYS FOR AMICUS CURIAE:

**ANNE H. POINDEXTER**
**STEPHENIE K. GOOKINS**
Campbell Kyle Proffitt LLP
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE: THE CARROLL COUNTY<br>2012 TAX SALE | ) | |
| | ) | |
| | ) | |
| TWIN LAKES REGIONAL SEWER DISTRICT, | ) | |
| | ) | |
| Appellant-Intervenor, | ) | |
| | ) | |
| vs. | ) | No. 08A02-1303-MI-220 |
| | ) | |
| STEVEN E. HRUSKA, VIRGINIA HANNA,<br>and EQUITY TRUST COMPANY FBO #80677, | ) | |
| | ) | |
| Appellees-Petitioners, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CARROLL COUNTY, INDIANA, by and<br>through the CARROLL COUNTY AUDITOR, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE CARROLL CIRCUIT COURT
The Honorable Benjamin A. Diener, Judge
The Honorable Julian L. Ridlen, Judge
The Honorable Kathy R. Smith, Senior Judge
The Honorable David A. Cox, Senior Judge
Cause No. 08C01-1208-MI-15

**August 8, 2013**

**OPINION–FOR PUBLICATION**

**BAKER, Judge**

The primary issue in this case is whether the trial court erred in interpreting Indiana Code section 13-26-14-4, which prohibits real property from being sold at a tax sale when the only lien against the property was for unpaid sewer bills. The appellees-petitioners Steven Hruska, Virginia Hanna, and Equity Trust Company (collectively, the petitioners) successfully petitioned the trial court to have their respective properties removed from the county tax sale list when it was determined that unpaid sewage bills were the only liens on the parcels.

The appellant-intervenor, Twin Lakes Regional Sewer District (TLRSD), appeals that determination, alleging that the trial court misinterpreted the provisions of Indiana Code section 13-26-14-4 regarding the removal of the properties from the tax sale list. We conclude that the trial court properly determined that the statute prohibits foreclosure on the property at a tax sale when an unpaid sewer bill is the only lien that exists on the property. Thus, we affirm the judgment of the trial court.

FACTS[1]

TLRSD is a regional sewer district that services areas in Carroll and White counties. The petitioners own properties in Carroll County that are served by TLRSD's sewers. When those property owners did not pay their sewer bills, TLRSD perfected liens against the properties and certified those liens to the Carroll County Auditor for collection with the property tax bill. Apparently, payments had been made to the Treasurer of Carroll County, and the Treasurer credited those payments entirely to property taxes that had accrued against the property, thus leaving the sewer liens unpaid.

On August 28, 2012, the Treasurer and Auditor of Carroll County filed a joint application for a judgment and order of sale in the Carroll Circuit Court, together with their joint affidavit. The application for the judgment and sale requested that the trial court order judgment against the listed properties as a result of unpaid property taxes and special assessments. The application also requested that the properties be sold to satisfy obligations for unpaid property taxes and special assessments.

---

[1] We note that Indiana Regional Sewer District Association (IRSDA) filed an amicus brief in this case. The IRSDA's mission is to support the various sewer districts and to collect and share information that focuses on their role in protecting the environment and public health, while also supporting economic development and providing a public convenience. The IRSDA submits that the "misinterpretation of Ind. Code § 13-26-14-4 by the trial court and its application to all collection processes for sewer lines is of paramount importance and will affect all sewer districts' ability to collect unpaid sewer bills." Amicus Br. p. 1.

The application averred that notice had been sent to the petitioners at least twenty-one days before the judgment application was filed. Both the application and affidavit identified the properties that the petitioners owned as being subject to sale for unpaid property taxes and assessments.

On August 29, 2012, the trial court entered a judgment and order of sale, directing the sale of the properties to satisfy the payment of taxes and special assessments. Thereafter, in September 2012, Hanna and Hruska filed letters with the trial court, stating that TLRSD's liens against their properties were the sole liens against those properties. The letters stated that because TLRSD's liens were the only liens that existed on the properties, the land could not be sold at a tax sale. In support of that proposition, the petitioners cited Indiana Code section 13-26-14-4, which provides in part that

> rates, fees, or charges made, assessed, or established by the district are a lien, . . . for municipal sewage works, on a lot, parcel of land, or building that is connected with or uses the works of the district. . . . A lien under this chapter that is the only lien on a property may not be foreclosed. [2]

On September 7, 2012, a petition to remove the parcels from a tax sale was filed by Zachary Dague as a beneficiary of the Equity Trust Company. Dague's petition requested that the trust property be removed from the tax sale based on claims that the property had been purchased at a tax sale and TLRSD's sewer liens against the property

---

[2] This statute is more fully set out in our discussion below.

4

were invalid. The petition apparently was sent to the Carroll County Auditor and Treasurer.

Although none of the three requests for relief from the tax sale were served on TLRSD, the trial court entered orders on September 10, 2012, as to the Hanna and Hruska properties. These orders recited Hanna's and Hruska's contention that TLRSD's sewer liens were the sole liens against the properties and, therefore, those properties should be removed from the tax sale that was scheduled for September 14, 2012.

The trial court determined that while a sewer lien existed on the properties, Indiana Code section 13-26-14-4 prohibits foreclosure if that is the only type of lien on the property. The trial court's order also provided that if the Auditor believed that other liens existed against the Hanna or Hruska properties, TLRSD could request a hearing.

The trial court also ordered on September 10, 2012, that the Equity Trust Company property should be removed from the tax sale "in order to hold a hearing in this matter." Appellant's App. p. 2, 25. That order set a hearing on that petition for October 9, 2012. On the day of the hearing, Lisa Dague appeared for Equity Trust Company. Lisa argued the merits of the petition, but no evidence was presented, and no action was taken. Instead, the trial court rescheduled the matter for a hearing on November 26, 2012, to provide the petitioners the opportunity to serve notice on any lienholders. Although Lisa again appeared at the November 26 hearing, the trial court took no action because Lisa was not licensed to practice law and she was attempting to represent the

corporation. As a result, the trial court continued the matter indefinitely pending a request for a hearing.

On January 29, 2013, TLRSD moved to intervene in the action. The motion stated that the orders removing the Hanna, Hruska, and the Equity Trust Company properties from the 2012 tax sale were entered "without appropriate notice" to TLRSD and that TLRSD was entitled to intervene pursuant to Indiana Trial Rule 24(A) to protect its interest in the sewer liens. Appellant's App. p. 26-28.

TLRSD's motion to intervene included a motion to set aside the trial court's orders removing the properties from the tax sale. The motion asserted that the September 10, 2012, orders were entered without notice to TLRSD and that the trial court failed to properly apply the provisions of Indiana Code section 13-26-14-4.

The trial court granted TLRSD's request to intervene on February 6, 2013, and on that same day, an additional order was entered denying TLRSD's motion to set aside the September 10, 2012 judgments. The trial court ruled, among other things, that because no other liens on the properties existed, the land could not be sold "at the tax sale" pursuant to Indiana Code section 13-26-14-4. Appellant's App. p. 4.

On February 26, 2013, TLRSD filed a motion to correct error, which the trial court subsequently denied. This appeal ensues, and TLRSD alleges that nothing warranted the removal of the properties from the tax sale.

<u>DISCUSSION AND DECISION</u>

6

The issue to be resolved comes to us as a denial of a motion to correct error. We review a trial court's decision to deny a motion to correct error for an abuse of discretion, and reversal will occur only when the trial court's decision was against the logic and effect of the facts and circumstances before it, together with the inferences that can be drawn therefrom. Ind. State Bd. of Educ. v. Brownsburg Comm. Sch. Corp., 842 N.E.2d 885, 889 (Ind. Ct. App. 2006).

As noted above, TLRSD maintains that the trial court erred in removing the petitioners' property from the tax sale. More particularly, TLRSD claims that the trial court "erred in its interpretation of I.C. § 13-26-14-4's prohibition against foreclosure of a lien if a sewer lien is the only lien against the property." Appellant's App. p. 5. Put another way, TLRSD contends that the trial court's broad interpretation of Indiana Code section 13-26-14-4 regarding the prevention of the sale of property at a tax sale merely because of a sewer lien has the potential to "bankrupt a regional sewer district." Id. at 42.

We note that the petitioners have not filed an appellee's brief. When the appellee has failed to submit a brief, we need not undertake the burden of developing arguments on the appellees' behalf. Trinity Homes, LLC v. Fang, 848 N.E.2d 1065, 1068 (Ind. 2006). Rather, we will reverse the trial court's judgment if the appellant's brief presents a case of prima facie error. Id. Prima facie error in this context is defined as "at first sight, on first appearance, or on the face of it." Id. Where the appellant is unable to meet this burden, we will affirm. Id.

7

In determining whether the trial court properly removed the petitioners' property from the tax sale, we initially set forth the provisions of Indiana Code section 13-26-14-4, which provide that

> rates, fees, or charges made, assessed, or established by the district are a lien, in the same manner established under IC 36-9-23 for municipal sewage works, on a lot, parcel of land, or building that is connected with or uses the works of the district. Liens under this chapter:
>
> (1) attach;
>
> (2) are recorded;
>
> (3) are subject to the same penalties, interest, and reasonable attorney's fees on recovery; and
>
> (4) shall be collected and enforced;
>
> in substantially the same manner as provided in IC 36-9-23-31 through IC 36-9-23-34. <u>A lien under this chapter that is the only lien on a property may not be foreclosed</u>.

(Emphasis added).

In construing this statute, we note that "foreclosure" has been defined as a legal proceeding "to terminate a mortgagor's interest in property, instituted by the lender (the mortgagee) either to gain title or to force a sale in order to satisfy the unpaid debt secured by the property. Black's Law Dictionary (7th ed.1999). Also, a specific subsection of the definition of foreclosure in Black's Law Dictionary defines "tax foreclosure" as "[a] public authority's seizure and sale of property for nonpayment of taxes." <u>Id.</u>

In this case, notwithstanding TLRSD's claims, it is apparent that the trial court examined the plain language of Indiana Code section 13-26-14-4 and determined that the

8

type of lien here may not be enforced as provided in Indiana Code section 36-9-23-31 through Indiana Code section 36-9-23-34, namely by selling the property at a tax sale if the unpaid sewer bill lien is the only lien that exists on the property.

To illustrate the remedies, procedures, and enforceability that may be available to a sewer district for unpaid bills, we note that Indiana Code section 36-9-23-31 provides that

> If fees assessed against real property under this chapter . . . are not paid within the time fixed by the municipal legislative body, they are delinquent. A penalty of ten percent (10%) of the amount of the fees attaches to the delinquent fees. The amount of the fee, the penalty, and <u>a reasonable attorney's fee may be recovered by the board in a civil action in the name of the municipality</u>.

(Emphasis added). In brief, Indiana Code section 36-9-23-32 sets forth the timing of the recording of various liens, lists the superiority of the liens in most instances, and states that notice of delinquency must be provided, when payment must be received, and how notice must be sent. Another section, Indiana Code section 36-9-23-33, provides for the deferral of the collection of unpaid fees and penalties in some instances. And the officer in charge of collecting the fees should prepare a list of the delinquent fees along with the penalty, record that list with the county recorder, and mail notice to the owner that a lien has been recorded as a result of delinquent fees. The liens should then be released once they have been fully paid. If delinquent fees and penalties, for example, are not paid, they are to be collected by the county treasurer in the same manner that delinquent property taxes are collected.

Finally, Indiana Code section 36-9-23-34 provides for a municipality's foreclosure of a lien to collect fees and penalties. The municipality or board is entitled to recover the amount of the fees and penalties and a reasonable attorney's fee. Also, the trial court should order the sale without relief from valuation or appraisement laws.

In construing these provisions, it is apparent that although TLRSD could not foreclose its liens against the petitioners' properties, TLRSD may file a civil action to recover its fees in accordance with Indiana Code section 36-9-23-31. Indeed, as discussed above, once a judgment is obtained, nothing in the statutes prevents TLRSD from executing, garnishing, and pursuing proceedings supplemental similar to other civil judgments. That said, we cannot say that the trial court abused its discretion in removing the parcels from the tax sale when construing the provisions of Indiana Code section 13-26-14-4.[3]

The judgment of the trial court is affirmed.

MAY, J., and MATHIAS, J., concur.

---

[3] We note that while TLRSD raises various procedural issues such as whether it was given adequate opportunity to be heard and whether the petitioners' properties could be removed when no hearings were held, we need not address these issues in light of our conclusion that Indiana Code section 13-26-14-4 unambiguously states that a lien regarding the collection of unpaid sewer bills through foreclosure proceedings is prohibited.